IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,

        v.

TELLY KINGCADE,

               Defendant.

OPINION AND ORDER

10-cv-349-bbc
07-cr-142-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Telly Kingcade has moved for vacation of his conviction under 28 U.S.C. § 2255 or, in the alternative, for modification of his sentence.  He contends that he was denied his constitutional right to the effective assistance of counsel at trial and on direct appeal.  According to defendant, his appointed counsel did not object either to an illegal seizure of a safe belonging to defendant or to a search in which police officers exceeded the scope of their authority.  Moreover, his counsel led petitioner to believe that he had a right to appeal the suppression motions he filed on his own behalf, which turned out not to be true, and counsel failed to argue at sentencing that the court was free under Kimbrough v. United States, 552 U.S. 85 (2007), to sentence defendant below the advisory guidelines.

1

I conclude that defendant cannot show that he was prejudiced by his counsel's refusal to file motions defendant wanted filed or to lead him into thinking he could appeal the motions, because the motions are without merit.  Raising them in this court or in the court of appeals would not have changed the outcome of defendant's case.  As for counsel's failure to argue <u>Kimbrough</u> at sentencing, the decision had issued almost six months earlier; it was not necessary for counsel to raise it and it would have made no difference if he had because it would not have affected my sentencing decision.

BACKGROUND

Defendant was charged in this court with unlawful possession of a firearm by a felon and with possession with intent to distribute 50 grams or more of cocaine base.  The cocaine evidence came from the contents of a safe that defendant had stored with an acquaintance in an apartment downstairs from his own.  The safe's existence came to light during the execution of a search warrant for defendant's own apartment.  As the officers were searching, a citizen told one of them that defendant kept a safe in Theodore Robinson's apartment on the first floor.  Robinson's ex-wife told the officers that she was free to go in and out of the apartment, that the door was always open because Robinson was wheelchair-bound and that the police could come in.  The officers took her at her word, entered and saw the safe in a second bedroom that Robinson did not use.  They brought in a drug-sniffing dog that alerted

2

to the safe.  With Robinson's permission, they removed the safe from the premises, sought and obtained a warrant to open it and found the cocaine base charged in the indictment.

Defendant's appointed trial counsel filed motions to suppress, but not the motions defendant wanted him to file.  Eventually the two parted ways, but not before the magistrate judge had met with them both to encourage defendant to stick with his counsel.  The efforts were unsuccessful, so the magistrate judge appointed new counsel, who was no more eager than the first to file defendant's suppression motions.  He did, however, pursue the two filed by the first lawyer, along with one of his own.  Defendant maintained that he wanted to file his own motions because he believed that the police should have obtained a warrant before entering Robinson's apartment and that Robinson's heavy medication use and drinking problems made him incompetent to give consent to take the safe

Although defendant believed (and alleged) that the police had lied in their reports and in the search warrant applications, he never filed any affidavits of the persons whose statements he said had been reported incorrectly.  Even now, in support of this post conviction motion, he has produced evidence of any kind that would support his claims about police misconduct and lies.

The magistrate judge met with defendant and his counsel on a number of occasions, but was unable to convince defendant that his pro se motions did not have any merit.  For example, he told defendant that, even if defendant were correct about the unlawfulness of

3

the entry into Robinson's apartment, he did not have a right to contest a violation of Robinson's rights. Trans. of ex parte hrg., dkt. #109, at 20-21. In addition, the magistrate judge tried to explain to defendant that it was not against the law for the police to take a container such as the safe into custody temporarily while they obtain a warrant to search it. Id. at 20-22.

Defendant filed his own motions, dkts. ##48-49, repeating his contentions that Robinson did not give the police valid consent to take the safe and that the officers should have obtained a warrant to enter Robinson's apartment once they knew the safe was there. The magistrate judge refused to take up defendant's motions, saying they were untimely and that defendant was represented by counsel. He did take up three issues raised by counsel: (1) the alleged illegality of the warrant the police obtained in order to search the contents of the safe; (2) the alleged lack of probable cause to support the warrant to search defendant's apartment; and (3) defendant's contention that the good faith doctrine did not rescue the warrant to search the apartment. The magistrate judge found no merit to any of the three and recommended in his report and recommendation, dkt. #66, that this court deny them, which it did. Dkt. #76. Defendant never objected to the magistrate judge's recommendation as it related to his refusal to address defendant's pro se motions. His counsel filed objections to the magistrate judge's report and recommendation.

Defendant entered a plea of guilty after entering into an agreement with the

government that preserved his right to appeal from the denial of his motions to suppress evidence seized during the execution of search warrants in October 2007.  Plea Agmt., dkt. #69, at 4.  Defendant was sentenced on June 3, 2008.  His counsel did not argue that the court should take Kimbrough v. United States, 552 F.3d 85  (2007) ( into consideration in fashioning a sentence.  At that point, Kimbrough had been the law for almost six months. At sentencing, I gave defendant a variance in response to the government's motion for such a variance under § 5K1.1 because of defendant's substantial assistance and I sentenced him near the bottom of the resulting guideline range.  I knew that I could have varied further under the authority of Kimbrough.

Defendant appealed, arguing that this court had erred in failing to give de novo consideration to his pro se motions to suppress, as well as arguing the merits of the motions to suppress that his counsel had advanced and that this court had denied.  The court of appeals found that defendant had failed to preserve his right to appeal an adverse determination of his pro se motions because he had not included language in his plea agreement covering those motions, which did not concern the execution of search warrants. United States v. Kingcade, 562 F.3d 794 (7th Cir. 2009).   (The court did not discuss the three search warrant issues that had been preserved for appeal; apparently, defendant's appellate counsel did not pursue them on appeal.)

Defendant filed a petition for certiorari with the United States Supreme Court that

was denied on June 29, 2009.  He filed this timely motion on June 28, 2010.


OPINION

Criminal defendants have a right to constitutionally effective representation by counsel, whether appointed or privately retained.  Strickland, 466 U.S. 668. "Constitutionally effective representation is "reasonably effective" representation, that is, representation by a reasonably competent attorney who gives advice within the range of competence demanded of attorneys in criminal cases. Id. at 687.  Proof of constitutionally ineffective representation requires a defendant to show not only that the representation he received fell below the standard but that he was prejudiced as a result.  In Strickland, the Court advised the lower courts that they did not need to "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Heeding that advice, I will begin by considering whether defendant was prejudiced by his counsel's failure to argue his pro se claims, counsel's alleged misrepresentation to defendant about his right to appeal those claims and his failure to alert the court to the significance of Kimbrough for defendant's sentence.  As the magistrate judge explained to defendant, his claims that the police should have had a warrant to enter Robinson's apartment had no traction.  Defendant had not submitted any factual information to back up his claim that Robinson did not give consent to the officers to enter the apartment.  He

6

merely alleged that the police had lied and engaged in misconduct when they said Robinson had consented to their entry and that Robinson had been too riddled with medication and liquor to give valid consent.  In addition, as the magistrate judge pointed out to him, defendant had not shown that he had any standing to object to the entry into someone else's residence.  United States v. Carter, 573 F.3d 418, 426 (7th Cir. 2009) (person wanting to challenge search of residence must establish connection with residence before he has standing to assert Fourth Amendment rights on behalf of owner); United States v. Mendoza, 438 F.3d 792, 794 (7th Cir. 2006) (defendant who objects to search of particular area bears burden of proving legitimate expectation of privacy in area searched; defendant cannot assert privacy interest on behalf of someone else).

The lack of a warrant to seize the safe was another non-starter; the police did not need a warrant to secure the safe for the time needed to obtain a warrant to search inside it. United States v. Marrocco, 578 F.3d 627, 634 (7th Cir. 2009) (once police had reasonable suspicion that defendant's briefcase contained contraband, they were permitted to detain briefcase for reasonable period of time in order to investigate further); United States v. James, 571 F.3d 707, 713 (7th Cir. 2009) ("if 'law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant,' seizure of the property is permitted 'pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other

7

recognized exception to the warrant requirement is present'") (quoting <u>United States v. Place</u>, 462 U.S. 696, 701 (7th Cir. 1983)).

The magistrate judge's explanation to defendant was legally correct.  It would not have helped defendant's case had his counsel advanced the two claims defendant wanted him to file.  Therefore, defendant cannot show any prejudice resulting from counsel's decision to drop the claims.  For the same reason, it is irrelevant whether counsel misled defendant into thinking he could appeal his pro se claims; it would not have affected his conviction if he had been able to raise them on appeal because they had no legal merit.

The final claim relates to counsel's failure to remind the court that it could vary from the advisory guidelines in sentencing defendant, taking into consideration the disparity in sentences for crack cocaine and powder cocaine.  Again, this is a situation in which it would have made no difference if counsel had made the argument.  I was aware of the <u>Kimbrough</u> decision and took it into consideration at sentencing, although I did not refer to it explicitly. Defendant had an advisory guideline range of 168 to 210 months, with a statutory minimum of 120 months.  The sentence of 135 months that I gave him was well below the advisory guideline range and only 15 months above the statutory minimum.  I did not vary further downward because, as I explained at sentencing, defendant has a history of explosive anger and substance abuse that has led to aggressive criminal behavior, often against his loved ones.  I believed that the sentence I chose was appropriate in light of the serious nature of

8

the offense and defendant's history and characteristics and best calculated to hold defendant accountable, protect the community, achieve parity with the sentences of similarly situated offenders and provide defendant an opportunity for rehabilitative programming.

Defendant's challenge to his sentence does not meet the demanding standard for a certificate of appealability.  The law does not support his arguments that his counsel was ineffective or that he should be resentenced because I did not refer specifically to <u>Kimbrough</u> when sentencing him.  Because reasonable jurists would not disagree about this conclusion, I must deny defendant's request for a certificate of appealability.  Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

ORDER

IT IS ORDERED that defendant Telly Kingcade's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.  No certificate of appealability will issue.

Entered this 30th day of September, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge